IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

   v.

BRIAN HAYES, MARTIN NATIVIDAD,            OPINION and ORDER
JESSICA HOLMES, TROY EGNER,
SARAH LIEDHOLDT, TONY EVERS,             23-cv-607-jdp
JOSHUA KAUL, JOE BIDEN, CHIEF MOORE,
JANESVILLE POLICE DEPARTMENT, LT. BLAZER,
and CITY OF JANESVILLE NUISANCE TEAM,

                Defendants.

---

    Plaintiff Timothy Lee Stewart, Sr., without counsel, has filed a complaint and amended complaint against his probation agent and other probation officials, police officers, other government officials, his neighbors, and his landlord. Dkts. 1 and 3. I will consider his amended complaint to be the operative pleading. Stewart seeks leave to proceed without prepayment of the filing fee. Dkt. 2. The financial information he has provided shows that he qualifies for that status.

    The next step is for me to screen Stewart's amended complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case for Stewart's failure to state a claim that can be heard in this court.

As with many of Stewart's filings in other cases in this court, his amended complaint is unfocused and difficult to understand. But the main thrust is that probation staff, his landlord, neighbors, and members of the Janesville Police Department are conspiring to violate his rights. As I have repeatedly told Stewart in other cases, his allegations do not support plausible claims that these individuals are working together to harm him. Stewart's filings predate my recent order sanctioning him for filing repeated baseless allegations of a conspiracy. *See Stewart v. Arndt*, No. 23-cv-465-jdp, slip op. at 2–3 (Jan. 16, 2024). So I won't sanction him further for this lawsuit. But I will dismiss the case.

The court of appeals has cautioned against dismissing a case brought by an unrepresented plaintiff without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But here, dismissal of the case is appropriate because I see no allegations suggesting that Stewart could amend his complaint to state a claim for relief in federal court.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered April 15, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge